UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CORIELLE JOHNSON,

                Plaintiff,                    Case No. 2:13-cv-260

v.                                   HON. ROBERT HOLMES BELL

WILLIAM JONDREAU, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleged in his complaint that Defendant Dr. Zaki violated Plaintiff's Eighth Amendment rights to medical care. Defendant Zaki has filed a motion for summary judgment. Plaintiff has not responded to this motion. Plaintiff has now admitted that he made a mistake naming Dr. Zaki and that Dr. Zaki was not involved in this matter. Plaintiff has requested to amend his complaint and name Dr. Aster Berhane instead of the Dr. Zaki as a defendant.

        Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Defendant Zaki has made two arguments in his motion. Defendant Zaki asserts that he should be dismissed because Plaintiff has admitted that Defendant Zaki was not involved in this matter and, alternatively, that he should be dismissed because Plaintiff failed to exhaust his grievances remedies against him. It is likely that Defendant Zaki is correct in both arguments. However, he fails to support his exhaustion argument with any evidence. Conversely, it appears correct that Plaintiff erred in naming Dr. Zaki as a Defendant in this case.

For the foregoing reasons, I recommend that Defendant Zaki's motion for summary judgment (docket #23) be granted. To the extent that Plaintiff has requested to amend his complaint to name Dr. Aster Berhane instead of Dr. Zaki (docket #7), it is recommended that the Court deny that motion because Plaintiff has failed to submit a proposed amended complaint with a motion to amend his complaint. It is further recommended that if the Court dismisses Defendant Zaki from this action, the Court deny as moot Defendant Zaki's motion to modify the Case Management Order (docket #39).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 22, 2014

2

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).