UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORIELLE JOHNSON, #324642

       Plaintiff,

                              Case No. 2:13-CV-260

v.

                              HON. ROBERT HOLMES BELL

WILLIAM JONDREAU, et al.,

       Defendants.

                                       /

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 10, 2015, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants Jondreau, Neimi, Healey, McPherson, Negele, Gill, and Mills's motion for summary judgment (ECF No. 80) be granted, that Defendant Berhane's motion for summary judgment (ECF No. 61) be granted, and that this case be dismissed in its entirety. (R&R, ECF No. 95.) Plaintiff has filed objections to the R&R.

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the R&R with respect to the summary judgment motion filed by Defendants Jondreau, et al., (ECF No. 80), because the R&R was issued before there was a ruling on Plaintiff's objections to the Magistrate Judge's order denying Plaintiff's motion to compel discovery (ECF No. 91), or a ruling on Plaintiff's motion to compel an extension of time to obtain a complete deposition transcript (ECF No. 92).

Contrary to Plaintiff's objections, the R&R on Defendants' motion for summary judgment was not premature. The Magistrate Judge denied Plaintiff's motion to compel Defendants to answer his interrogatories, but granted Plaintiff additional time to respond to Defendants' motion for summary judgment. (ECF No. 89.) Neither Plaintiff's filing of objections to the order, nor the lack of a ruling on Plaintiff's second motion to compel operated as a stay of the Magistrate Judge's order. A magistrate judge's order on a non-dispositive matter is effective when entered, and the filing of objections to a magistrate judge's order on a non-dispositive matter does not automatically stay the order's operation. *See*, *e.g.*, *City of Holland v. Fed. Ins. Co.*, No. 1:13-cv-1097, 2014 WL 2557124, at *1 (W.D. Mich. June 6, 2014); *Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-cv-2082, 2013 WL 5954470, at * 2 (D. Nev. Nov. 6, 2013); *Guiden v. Leatt Corp.*, No. 5-10-cv-175, 2013 WL 4500319, at * 4 (W.D. Ky. Aug. 21, 2013).

Furthermore, the Court finds that the Magistrate Judge's order denying discovery as

untimely was correct, and that Plaintiff is not entitled to an order compelling Defendants to file his entire deposition. A party is not required to file entire depositions in support of motions for summary judgment. A party is only required to cite to "particular parts of materials" in depositions that are relied upon. Fed. R. Civ. P. 56(d)(1)(A). It was incumbent on Plaintiff to produce other portions of the deposition that supported his position.

Finally, Plaintiff has not established that his objections or his second motion to compel were equivalent to a Rule 56(d) affidavit that he was unable to present facts in opposition to Defendants' motion. Plaintiff could have obtained a copy of the entire deposition transcript by ordering a copy from the court reporter. Accordingly, the Court overrules Plaintiff's objection that the R&R on the Jondreau Defendants' motion for summary judgment was premature.

Plaintiff objects to the R&R's recommendation that Dr. Berhane be granted summary judgment based on his contention that there were conflicting affidavits in the record that created material issues of fact as to whether Dr. Berhane's discontinuation of Plaintiff's migraine medication was punitive or malicious. Dr. Berhane submitted an affidavit stating that she discontinued Plaintiff's prescription for Tylenol "based on reports that he was not cooperating with administration of his medication by masturbating into the medication cups, while not displaying objective symptoms or subjective complaints of headaches." (ECF No. 61-3.) Although she discontinued the prescription for Tylenol, she simultaneously ordered a follow up appointment with a medical provider for further evaluation of Plaintiff's

headaches. (*Id.*) Plaintiff's assertion that Dr. Berhane knew of his need for medications based on her admission that she reviewed his medical file is not sufficient to create an issue of fact as to whether her discontinuation of Plaintiff's prescription showed "deliberate indifference" to his serious medical needs.

Plaintiff objects to the Magistrate Judge's findings that Plaintiff's conspiracy claim and First Amendment retaliation claim against Defendants Mills and Gill fail because Plaintiff failed to show that he suffered an injury and because Plaintiff failed to show that the adverse action taken against him would deter a person of ordinary firmness from engaging in that conduct. Plaintiff claims that he produced sufficient evidence of injury, including a blackout migraine and First Amendment retaliation. As noted in the R&R, Defendants Mills and Gill only denied Plaintiff a single dose of Tylenol, and the blackout migraine Plaintiff alleges he suffered occurred before Defendants Mills and Gill took the action complained of. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the August 10, 2015, R&R (ECF No. 100) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 10, 2015, R&R (ECF No. 95) is **APPROVED AND ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants Jondreau, Neimi, Healey, McPherson, Negele, Gill, and Mills's motion for summary judgment (ECF No. 80) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Berhane's motion for summary judgment (ECF No. 61) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court discerns no good-faith basis for an appeal.


Dated: September 30, 2015                                          /s/ Robert Holmes Bell
                                                                   ROBERT HOLMES BELL
                                                                   UNITED STATES DISTRICT JUDGE